## JOSEPH W. BROWN *versus* EZEKIEL G. MOORE and AMASA JACKSON
### September 4, 1839.

Daniel Goodwin, attorney for plaintiff in error.
H. N. Walker, attorney for defendants in error.

[INDORSEMENT]

Sup Court 1 Cir. Aug. 1839

| Brown | Mem° of Opinion |
|---|---|
| vs. | Aug. 1839—Judg$^t$ reversed and |
| Moore | *venire de novo ordered*— |

*Goodwin* for Plff in Error
H N. Walker—Deft.

[OPINION]

| Joseph W. Brown | |
|---|---|
| vs. | Writ of Error to Wayne Circuit. |
| Ezekiel J. Moore & Amasa Jackson | |

The Bill of exceptions, forming a part of the record in this cause, sets forth the only ground, upon which error is now alleged—

The Plff in error was the Deft below, and was sued as the indorser of Fargo & Boughton on their promisory note dated 14 July '37 for $1223.14 payable in 6 mo at the Bank of Tecumseh

To prove presentment for payment and refusal thereof at the Bank, and notice thereof to the Deft below as indorser—The plaintiff below offered in evidence an official certificate in due form of Geo. W. Jermain, a notary public of the County of Lenawee setting forth that on the day &c he duly presented the said note to the Bank for payment and that the same was refused; and that he caused notice of said

protest to be put in the post office at Tecumseh, directed to the Deft &c— The attorney for the Deft below objected to the [a]dmissibility to prove these facts—, but the objection was overruled, and the evidence received.

There was no other evidence to prove these facts—The only question therefore is whether the evidence was properly admitted?

It was contended by the counsel for the Defts in Error that by the provisions of our Statute relative to Notaries public have enlarged the authority of a Notary public, and that his official certificate is made competent evidence in other cases than those recognized by the Com. Law. The only provision relied on for this purpose is that which declares due faith shall be given to all the protestations, attesta-, tions and other instruments of publication of notaries public—

(The Rev. Stat. is in other words—ack. of deed, adm. oaths, and perform such other official acts as have been customarily performed by N. P.

6 Wheat. 146. Young vs. Bryan
id. 572 Union Bank vs. Hyde
8 id. 326. Nicholas vs. Webb
} A protest of an inland bill of ex. & pro. note is not necessary, nor is it evidence.

Chit. Bills 405. Rule at Com. law, only in case of Foreign— "But a protest made in England must be proved by the notary who made it, and by the subscribing wit., if any["].

6 Serg & R. 484 Brown vs. Philadelphia Bank
"      "        324 Stewart vs. Allison

Where it was held that under the act of the Leg. of Penn. of 1815 the official certificate of a notary was competent evid. to prove notice of non pay[t] to the indorser of an inland note— By the act referred to it is declared that the official acts, protests and attestations of notaries public certified according to

law under their respective hands and seals of office may be received in evidence.

The Stat. of Penn. goes farther than our own, it makes the official acts &c evidence generally when duly certified

But the safer course, and indeed the only, is to follow the established rule—unless &c &c—